FILED
CLERK, U.S. DISTRICT COURT
12/16/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL LEE BOWMAN,<br>　aka "Michael Renae Bowman,"<br>　aka "Michael Rene Bowman,"<br>　aka "Michael Bowman," and<br>JAMES RAY FREEMAN,<br><br>　　　　Defendants. | CR   2:22-cr-00594-MEMF<br><br><u>I N D I C T M E N T</u><br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii): Possession with Intent to Distribute Cocaine Base in the Form of Crack Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying Firearms During and in Relation to, and Possessing Firearms in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

　　　On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendants MICHAEL LEE BOWMAN, also known as ("aka") "Michael Renae Bowman," aka "Michael Rene Bowman," aka "Michael Bowman," and JAMES RAY FREEMAN, each aiding and abetting

the other, knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 199.3 grams, of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

## COUNT TWO

[18 U.S.C. §§ 924(c)(1)(A)(i), 2(a)]

[ALL DEFENDANTS]

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendants MICHAEL LEE BOWMAN, also known as ("aka") "Michael Renae Bowman," aka "Michael Rene Bowman," aka "Michael Bowman," and JAMES RAY FREEMAN, each aiding and abetting the other, knowingly carried firearms, namely, two Glock-type, 9mm caliber semiautomatic pistols, bearing no serial numbers (commonly referred to as "ghost guns"), and a Pioneer Arms Corp., model Hellpup, 7.62x39mm caliber pistol, bearing serial number PAC1151805, during and in relation to, and possessed such firearms in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Cocaine Base in the Form of Crack Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), as charged in Count One of this Indictment.

## COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT BOWMAN]

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendant MICHAEL LEE BOWMAN, also known as ("aka") "Michael Renae Bowman," aka "Michael Rene Bowman," aka "Michael Bowman," knowingly possessed a firearm, namely, a Pioneer Arms Corp., model Hellpup, 7.62x39mm caliber pistol, bearing serial number PAC1151805, and ammunition, namely, approximately 23 rounds of Tula Cartridge Works 7.62x39mm caliber ammunition, eight rounds of Winchester 9mm Luger caliber ammunition, five rounds of Cascade Cartridge Inc./Speer 9mm Luger caliber ammunition, and nine rounds of Medef Defense 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant BOWMAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA075719, on or about November 1, 1993;

2. Transport, Sell, Furnish, Administer Controlled Substances, in violation of California Health and Safety Code Section 11352, in the Superior Court of the State of California, County of Los Angeles, Case Number A970287, on or about June 9, 1989;

3. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior

Court of the State of California, County of Los Angeles, Case Number A757594, on or about April 11, 1985;

    4.   Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case Number A365970, on or about May 7, 1981; and

    5.   Use of a Firearm During the Commission of a Felony, in violation of California Penal Code Section 12022.5, in the Superior Court of the State of California, County of Los Angeles, Case Number A365970, on or about May 7, 1981.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

[DEFENDANT FREEMAN]

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendant JAMES RAY FREEMAN knowingly possessed a firearm, namely, a Pioneer Arms Corp., model Hellpup, 7.62x39mm caliber pistol, bearing serial number PAC1151805, and ammunition, namely, approximately 23 rounds of Tula Cartridge Works 7.62x39mm caliber ammunition, eight rounds of Winchester 9mm Luger caliber ammunition, five rounds of Cascade Cartridge Inc./Speer 9mm Luger caliber ammunition, and nine rounds of Medef Defense 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant FREEMAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Carrying a Loaded Firearm in Public, in violation of California Penal Code Section 25850(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA454385, on or about May 11, 2017;

2. Transport, Sell, Furnish, Administer Controlled Substances, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA436264, on or about June 29, 2015;

3. First Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County

of Los Angeles, Case Number BA369909, on or about November 29, 2011; and

    4.    Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Los Angeles, Case Number BA297487, on or about July 18, 2006.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

[ALL DEFENDANTS]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense, including, but not limited to, $2,876 in U.S. currency that was seized from the person of defendant JAMES RAY FREEMAN on or about August 3, 2022, $349 in U.S. currency that was seized from the person of defendant MICHAEL LEE BOWMAN, also known as ("aka") "Michael Renae Bowman," aka "Michael Rene Bowman," aka "Michael Bowman," on or about August 3, 2022, and $494 in U.S. currency that was seized from a recreational vehicle occupied by defendants FREEMAN and BOWMAN on or about August 3, 2022;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

        (d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

[ALL DEFENDANTS]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two through Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to firearms and ammunition alleged in the count(s) of conviction.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Christina Shy for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Chief, General Crimes Section

LYNDSI ALLSOP
Assistant United States Attorney
Violent & Organized Crime Section

11